UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONALD SMITH, ) | Case No.: 4:20 CV 915 |
| ) | |
| Petitioner ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | |
| ) | |
| WARDEN MARK WILLIAMS, ) | |
| ) | MEMORANDUM OPINION |
| Respondent ) | AND ORDER |

### I.  INTRODUCTION

This matter is before the court on the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by *pro se* Petitioner Donald Smith.  (ECF No. 1).  For the reasons that follow, this action is dismissed.

### II.  BACKGROUND

When this action was filed, Petitioner neither paid the required filing fee nor filed an application to proceed with this matter without the payment of the fee.  Magistrate Judge Jonathan Greenberg ordered Petitioner to either pay the filing fee of $5.00, or complete and file the application to proceed *in forma pauperis* attached to the order, within thirty days.  (Deficiency Order, ECF No. 2).  The Deficiency Order warned Petitioner that failure to comply may result in dismissal of this action without further notice.  (*Id.*).

The Deficiency Order was issued and mailed to Petitioner at his address of record on May 11, 2020, and the mailing has not been returned to the court as undeliverable. More than thirty days have passed, and Petitioner has neither responded to the Deficiency Order nor sought an extension of time to do so.

### III. DISCUSSION

Federal law authorizes the court to permit a petitioner to proceed with a civil action without payment of the required filing fee upon a showing that he is unable to pay the fee. *See* 28 U.S.C. § 1915(a). When a prisoner fails to pay the required fee or apply to proceed *in forma pauperis*, the court must notify the prisoner and grant him thirty days to correct the deficiency. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). When a petitioner fails to comply with the deficiency order, the district court must "'presume that the prisoner is not a pauper,' assess the full filing fee, and dismiss the case for want of prosecution." *Gravitt v. Tyszkiewicz*, 14 F. App'x 348, 349 (6th Cir. 2001) (affirming dismissal of petition for a writ of habeas corpus for want of prosecution where petitioner failed to comply with the district court's deficiency order) (quoting *McGore,* 114 F.3d at 605); *see also Erby v. Kula*, 113 F. App'x 74, 76 (6th Cir. 2004) (affirming district court's dismissal of a prisoner's § 1983 action for want of prosecution for failing to comply with a deficiency order that clearly identified the documentation required and expressly warned that failure to comply may result in dismissal) (citing *McGore,* 114 F.3d at 605) (further citation omitted).

In this case, the Deficiency Order contained specific instructions and attached a copy of the application to proceed *in forma pauperis* for Petitioner to complete if he was unable to pay the required filing fee. While *pro se* pleadings are held to less stringent standards than pleadings drafted

by lawyers, *pro se* litigants are not entitled to leniency with respect to compliance with readily comprehended court orders and deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Here, Petitioner failed to comply with the Deficiency Order or to seek an extension of time to do so within the thirty-day period ordered by the Magistrate Judge. The Deficiency Order warned Petitioner that "[f]ailure to comply with this Order may result in dismissal of this action without further notice." Accordingly, this action is dismissed without prejudice for want of prosecution. *McGore*, 114 F.3d at 605.

### IV. CONCLUSION

For the foregoing reasons, this case is dismissed without prejudice. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be good faith.

IT IS SO ORDERED.

> */s/ SOLOMON OLIVER, JR.*
> UNITED STATES DISTRICT JUDGE

June 26, 2020